R. W. McCHESNEY, J. M. McCHESNEY and F. W. Mc-CHESNEY, carrying on business together in copartnership under the firm name of M. W. McCHESNEY & SONS, *v.* THE KONA SUGAR COMPANY, LIMITED, a corporation, and THE FIRST AMERICAN SAVINGS & TRUST COMPANY OF HAWAII, LIMITED, a corporation.

APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT.

SUBMITTED MAY 14, 1904.　　　　　　DECIDED JUNE 4, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an equity suit for the foreclosure of an equitable lien and for the appointment of a receiver, objections that the lien averred extended to a part only of the property sold, that the averment of insolvency was insufficient and that the decree of sale was, for these reasons and otherwise for want of equity in the complainants' case, beyond the jurisdiction of the court, will not avail when made for the first time in this court.

OPINION OF THE COURT BY PERRY, J.

(Galbraith, J., dissenting.)

In March, 1902, the complainants filed before the Circuit Judge of the Third Circuit, in equity, a bill, the main aver-

ments of which were as follows: That the respondent, The Kona Sugar Co., was established for the purpose of cultivating sugar cane and manufacturing sugar and generally to carry on a sugar plantation and general agricultural business; that the respondent is indebted to the complainants in the sum of $189,826.05 for goods sold and delivered and for advances made; that the complainants hold the bonds of the respondent to the amount of $100000 as a pledge to secure the said sum of $189,826.05; that the whole of this sum remains due and unpaid, although demand has been made therefor; that the respondent is also indebted in other large sums of money to various other persons for goods sold and delivered, for work and labor done, for material supplied, for rents of some of the lands held by it under leases and for taxes assessed upon its property, all of which are long since overdue; "that the above mentioned advances by plaintiffs to said defendant company were made under a contract whereby plaintiffs were to act as agents for said defendant company for a term of ten years from October 1, 1898, for the sale of all sugar produced by the said defendant company, and said defendant company were to consign and deliver to plaintiffs for sale all such sugar and out of the proceeds of all such sales plaintiffs were authorized and empowered under such contract to reimburse themselves for all such advances made by them to said defendant company for its use; that such contracts constitute an equitable lien in favor of plaintiffs upon all the crops of sugar cane grown by said defendant company and on all the sugar produced by said defendant company therefrom during the term of said contract"; that in December, 1900, the respondent issued $200000 of first mortgage bonds, secured by deed of trust of all its property both present and future, but that no action has been taken by the trustee towards foreclosing under said deed; that the respondent holds in fee and under lease certain parcels of land in North Kona, Hawaii, and is possessed of a mill, a partially constructed railway, rolling stock, animals and agricultural implements, all of which property is used by it in its said business; that the cane upon 1200 acres of the respondent's lands

has matured or is ready for harvesting or is fast approaching maturity; that the respondent "is without funds or means for carrying on its said business or harvesting its present crop of sugar cane or of manufacturing therefrom sugar or other products of sugar cane or of completing its said railway, which railway is necessary for the harvesting of said sugar cane, and in consequence has ceased to operate its said business, that its laborers, mechanics and other servants have not been paid their wages and salaries for some time past, and that said defendant company has neglected and is neglecting to harvest its said crop of sugar cane or manufacture sugar therefrom: that the said crop of sugar cane is deteriorating and that the whole crop of sugar cane which is of the value of $200000 and the other property of the said defendant company are in immediate danger of being lost, injured or wasted from the neglect and incompetency of the said defendant company to harvest such crop of sugar cane and to manufacture sugar therefrom, that the lessors of certain of said lands held by said defendant company, the Kona Sugar Company, Limited, under lease and upon which the said sugar cane is now standing have threatened to institute and are about to institute proceedings to recover possession of the said lands and to cause a forfeiture of such leases for breach of the condition of said leases, to wit, that the rents thereby reserved have not been paid when due and the lessees' covenants for the payment of such rents have not been observed and performed; that there is also great danger that the property of said defendant company or some part of it may be sold in order to pay the taxes so assessed upon it and which taxes are now in default; that the plaintiffs have no plain, adequate and complete remedy at law either to enforce their said lien on said crop of sugar cane and the sugars to be produced therefrom or to obtain the payment by the said defendant company, The Kona Sugar Company, Limited, of those of its debts guaranteed by the plaintiffs; that it is necessary and proper and will be in the interests of all the creditors of defendant company, The Kona Sugar Company, Limited, and all others interested in the assets thereof, that a fit and

suitable person be appointed by this Honorable Court to take possession of all the assets of the said defendant company, The Kona Sugar Company, Limited, and to act as Receiver thereof under the orders of this Honorable Court." The prayer of the bill is that an accounting be had to ascertain the amount due the complainants, that their claim be decreed a lien on the crop of cane and the sugar and its proceeds, that the respondent be ordered to pay complainants' claim, that a sale be ordered of all the assets of the respondent or of some portion thereof sufficient for the purpose of satisfying the lien, that respondent be decreed to pay the lien out of the proceeds of such sale, that a receiver be appointed of all the assets of the respondent and that the respondent be decreed to make such transfer or conveyances to the receiver or purchaser as may be necessary and appropriate.

The Kona Sugar Co. answered, denying that any lessors had threatened proceedings or that the contract alleged constituted an equitable lien, admitted the truth of all the other averments of the bill, and prayed that the bill be dismissed upon final hearing, but consented that a receiver *pendente lite* be appointed. The Trust Company also, in its answer, consented to the appointment of a receiver pending the determination of the suit. A receiver was appointed in March, 1902, of all the property, and retained possession and conducted the plantation until the property was finally sold, on May 9, 1903, in pursuance of an order of the court made on April 20, 1903. It may be added at this point that on the petition of the Kona Sugar Co. itself the court had, in November, 1902, ordered a sale of all the assets of the respondent, but two attempts to sell made in December following by the receiver proved futile, no bids being offered.

In February, 1903, William W. Bierce, Limited, the present appellant, asked and thereafter obtained leave of the court to join the receiver as a defendant in its petition in intervention, wherein the petitioner claimed the ownership and right of possession of a certain railroad, engines, cars and other goods then in the possession of the receiver. On May 30, 1903, Wm. W. Bierce, Ltd., filed a protest against the confirmation of the sale

and motion that the attempted sale be declared "to be no sale", the sole ground stated being that the order of sale purported to include, and the receiver to sell, the railroad and other property claimed in the petition for intervention. The objection and motion were overruled and the sale confirmed. It is from this order of confirmation that the case now comes to this court by appeal.

At no time before the circuit judge was objection made by any of the parties to the appointment of the receiver, to his continuance in office, to his possession of any of the property except as above stated, to the order of sale, or to the jurisdiction of the court to make any of the orders which were made. It was on the argument of this appeal that the jurisdiction of the court was first questioned. The contention, and the sole contention, now advanced is that the circuit judge had no jurisdiction either to appoint the receiver or to order a sale of all the assets of the Kona Sugar Co.

Much of the law now involved was definitely laid down by this court in the recent case of *Kuala v. Kuapahi, ante* 300, 301, and needs no further statement. "It seems to be pretty well settled", it is there said, "that, as it is variously expressed, although neither consent nor negligence will confer jurisdiction in equity where none really exists, yet, when the case is not wholly foreign to equity jurisdiction, when it is not on its face such that equity could have no jurisdiction over it, as, for example, an action to recover damages for an assault, or for a libel or slander, when the defect is a want of equity and not a want of power, when the objection is merely that a plain, adequate and complete remedy at law exists or that equity is without jurisdiction in the particular case merely for some special reason or the absence of some particular element, when equity is competent to grant the relief sought and has jurisdiction of the subject matter, when the case is not without traces of equity jurisdiction, the question of the alleged want of jurisdiction may be waived and will be deemed to have been waived if not raised until the case comes to the appellate court." If the case at bar is one of that class, there can be no doubt that the question of the alleged want

of jurisdiction must be deemed to have been waived. The facts concerning consent and failure to object are undisputed.

The case before the circuit judge was not one that was wholly foreign to equity jurisdiction. It possessed distinct traces, at least, of equity jurisdiction. The complainants averred that they had made certain advances to the respondent under a contract the terms of which were such as to give them a lien on the cane and sugar of the respondent, and they asked that the lien be declared and enforced. It may be that on demurrer the averments of the facts disclosing the intent to create a lien would be held insufficient, but that was at most a defect which could have been remedied by amendment if the point had been seasonably raised. The ultimate fact of the existence of the lien was alleged. The enforcement of an equitable lien is something which is peculiarly within the province of a court of equity and the usual mode of enforcement is by a decree of sale of the property to which the lien attaches. Equity will enforce such a lien against a corporation as well as against an individual. The appointment of a receiver *pendente lite* is also within the powers of a court of equity, the object of the appointment being to preserve the property pending a determination of the rights of the litigants. In the bill in this case much was averred that would naturally appeal to the court as good ground for the appointment of a receiver. The cane was mature and deteriorating; the railway for its harvesting was uncompleted; the laborers had not been paid for some time and might cease work at any moment; the company's financial condition was such that it was unable to harvest the crop and was neglecting to do so and by reason of such inability and neglect the crop was in immediate danger of being injured and lost; the rents of some of its lands were unpaid and proceedings to enforce forfeitures, with consequent loss of the lands, were threatened; and the taxes were in default and tax sales were feared. Whether or not this could be held, on demurrer, to be a sufficient averment of insolvency, we need not say. From the facts averred the inference would not be an unreasonable one that the company was insolvent, whether inabil-

ity to pay debts or insufficiency of assets to meet the debts be regarded as the true test of insolvency. But insolvency in the sense that the liabilities of the company exceeded its assets, it was not indispensable to show. The issue before the court on the application for a receiver was whether or not such appointment was necessary to preserve the property pending the litigation and certainly sufficient was averred and admitted to justify the court in making the appointment, so far as the cane and sugar were involved.

In the nature of things, it was impracticable for a receiver to take charge of and care for the growing cane and manufacture the mature portions of it into sugar without taking possession and control of all other property used in connection with the plantation. The custody of the latter was necessarily incidental to the custody and care of the former.

The fact that the sale was through a receiver and not through some other officer was, if the procedure pursued was erroneous, at most a mere irregularity. Moreover, it is within the powers of a court of equity, when it has taken possession of property, *pendente lite,* through a receiver, to order a sale, even before the final determination of the litigation, whenever the best interests of the parties so require. It is also within its power to sell the property in order to pay the expenses of the receivership. The facts in this case were that the receiver, because of insufficient mill capacity, lack of labor or for other reasons, was unable to harvest the crop with sufficient promptness, and that during his incumbency the property of the company deteriorated and his expenses and liabilities increased at a greater rate than the income. The Kona Sugar Co. itself asked that all of its property be sold; the court was satisfied that it was for the best interests of all concerned that it should be; and no one interested objected to the making of the order although the attorney for this appellant objected at the time of the sale as to certain of the property on the ground that the title was not in the company. The final proceeds of the sale, it may be noted, were insufficient to pay the expenses of the receivership.

The point is also urged that, in the absence of a statute, the receiver was not by the order of his appointment vested with the title to the real estate. However that may be, the court of equity, if it possessed, as we think it did, the power to enforce a lien by a sale, possessed also the power to make its decree effective. Whether the title is to be regarded as having passed from the company under the receiver's deed made by order of the court, or whether the company should be decreed to execute a conveyance to the purchaser, we need not say. The lack of a deed is not something that the present appellant may complain of.

The case was within the general scope of the jurisdiction of a court of equity and was not without traces of equity jurisdiction. The defects complained of cannot avail the appellant at this stage.

On the merits no objection is made to a confirmation of the sale. The appeal cannot be sustained.

*Hatch & Ballou* for Wm. W. Bierce, Ltd.

*Cathcart & Milverton* for complainants.

Mr. Justice Galbraith dissents.