WILLIAM W. BIERCE, LIMITED, A CORPORATION,
    PLAINTIFF IN ERROR, *v.* R. W. McCHESNEY and
    J. M. McCHESNEY, SURVIVING PARTNERS IN
    THE CO-PARTNERSHIP OF R. W. McCHESNEY,
    J. M. McCHESNEY AND F. W. McCHESNEY, A
    CO-PARTNERSHIP CARRYING ON BUSINESS
    UNDER THE FIRM NAME AND STYLE OF M. W.
    McCHESNEY & SONS, THE KONA SUGAR COM-
    PANY, LIMITED, A CORPORATION, F. L.
    DORTCH, RECEIVER OF THE KONA SUGAR
    COMPANY, LIMITED, THE FIRST AMERICAN
    SAVINGS & TRUST COMPANY OF HAWAII, LIM
    ITED, A CORPORATION, KAPIOLANI ESTATE,
    LIMITED, A CORPORATION, L. M. WHITEHOUSE,
    J. D. PARIS, HANNAH J. PARIS, ELIZA ROY,
    W. H. SHIPMAN, J. D. JOHNSON, W. H. JOHNSON
    AND CAROLINE J. ROBINSON, DEFENDANTS IN
    ERROR.

ERROR TO CIRCUIT COURT, THIRD CIRCUIT.

ARGUED NOVEMBER 7, 1904.    DECIDED NOVEMBER 21, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

WRIT OF ERROR TO ORDER OF SALE BY RECEIVER—*non-joinder of purchaser.*
    A writ of error lies to an order of sale by a receiver and does
not require that the purchaser be made a party.

Appeal from order confirming receiver's sale—*questions open on such appeal.*

> Only questions of jurisdiction and matters subsequent to the order of sale are considered on an appeal from an order confirming a receiver's sale.

Order for sale by receiver—*failing to except property claimed by a receiver.*

> There is no error in an order of sale failing to except property in receiver's hands claimed by the plaintiff in error in an intervener's suit.

### OPINION OF THE COURT BY HARTWELL, J.

This is a writ of error to an order of sale by a receiver of all the estate and property of the Kona Sugar Company, Limited, made by the judge of the third circuit in a suit pending before him. The plaintiff in error was an intervener in the suit, claiming certain steel rails, locomotives and other railroad property in the possession of the receiver, and assigns as error that the order of sale did not except the property so claimed. The defendants in error moved to quash the writ on the grounds that the plaintiff in error had appealed said cause to this court, and that all matters in controversy in said cause had been finally determined by this court and are now *res judicata;* that the writ of error is defective in not making one Hutchins, the purchaser at the receiver's sale, a party; and further, that no writ of error lies from the order of sale.

No argument on these last two grounds was presented, the contention of the defendants in error being confined to the ground that the plaintiff in error is estopped from presenting any objections to the order of sale which might have been presented in its appeal. The second and third grounds of the motion cannot be sustained. The plaintiff in error claims that as the appeal was taken from the order confirming the sale, it could not have presented objections to the order of sale other than that of jurisdiction, which was the only question decided in the appeal, as reported in 15 Haw. 710. We think this is the correct view. The only matters which the court could have

examined besides that of jurisdiction would be those which were subsequent to the order of sale. *Turner v. Farmers' Loan & Trust Co.,* 106 U. S. 552; *Allen v. Shepard,* 87 Ill. 314; *Bank v. Scofield,* 9 Neb. 499.

The motion to quash is therefore denied.

But we are unable to see error in the order of sale, which does not purport to authorize a sale of any property of the plaintiff in error, but only that of the Kona Sugar Company. There is no evidence before us of any title of the plaintiff in error in any of the property ordered to be sold. The mere fact that the plaintiff in another suit claimed some of the property in the hands of the receiver does not authorize this court to declare the order of sale to be erroneous.

The writ of error is dismissed.

*Kinney, McClanahan & Cooper* and *C. A. Galbraith* for plaintiff in error.

*Cathcart & Milverton* for defendants in error.