# WILLIAM W. BIERCE, LTD., *v.* CLINTON HUTCHINS, TRUSTEE.

## MOTION FOR FINAL ORDER.

ARGUED AUGUST 30, 1907.     DECIDED SEPTEMBER 10, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

PRACTICE—*further proceedings after decision by supreme court of the United States.*

> The decision of this court sustaining defendant's exceptions upon a decisive point having been reversed by the supreme court of the United States, the defendant is entitled to a consideration of the other points presented by his exceptions, so far as they are not concluded by the opinion of the supreme court.

### OPINION OF THE COURT BY BALLOU, J.

The decisions of this court in sustaining the defendant's exceptions, *Bierce v. Hutchins,* 16 Haw. 418; 16 Haw. 717, having been reversed on appeal by the supreme court of the

United States, *Bierce v. Hutchins,* 205 U. S. 340, counsel for plaintiff files the mandate of the supreme court and moves for a final order overruling the exceptions of the defendant herein and affirming the judgment heretofore rendered by the circuit court of the first judicial circuit.

At the hearing of this motion counsel for defendant made an oral suggestion that Justice Ballou was disqualified to sit in the case, which was afterwards reduced to writing, and filed. The grounds suggested are that Justice Ballou was formerly a member of the firm of Kinney, Ballou & McClanahan, who were the attorneys in fact as well as the attorneys at law of the plaintiff in the original transactions out of which this litigation subsequently grew; that he drew the instrument under which the plaintiff claims title to the property in suit, and that he afterwards appeared as attorney for plaintiff in another branch of the litigation, arguing the case of *Mc-Chesney v. Kona Sugar Co.,* 15 Haw. 710. There being no suggestion of pecuniary interest or other disqualification within Sec. 84 of the Organic Act, the court overruled the suggestion upon the authority of *Nolley v. Brown,* 17 Haw. 393.

This case first came before this court upon a bill of exceptions of the defendant comprising forty-six exceptions, most of which were argued and relied upon. These presented questions relating to the right to amend, to the admission of evidence and to the form of the judgment as well as the questions of election, waiver and conditional sale. This court, however, in sustaining those exceptions involving the question of election found it unnecessary to pass upon the other points. Upon the petition for rehearing the court stated that for the purposes of the original decision it was assumed that the contract was one of conditional sale, or an executory contract to sell upon a condition precedent.

The supreme court of the United States passed upon two points, namely, whether the acts done by the plaintiff constituted an election as a matter of law and whether the sale was on a condition precedent. The opinion concludes: "Some

other subordinate suggestions were made, but we have disposed of the only questions that are open here." *Bierce v. Hutchins,* 205 U. S. 340 at 349. The mandate reverses the decree of this court with costs and concludes, "And it is further ordered that this cause be and the same is hereby remanded to the said supreme court for further proceedings in conformity with the opinion of this court."

No question was made of the right of the plaintiff to a judgment for costs in conformity with the mandate, but we are of the opinion that the plaintiff is not entitled at this stage of the proceedings to an overruling of all of the defendant's exceptions and an affirmance of the judgment. The points decided by the supreme court of the United States are, of course, concluded, but the defendant brought other exceptions before this court which were not passed upon owing to the conclusive character of the point erroneously decided in his favor. In obeying a mandate from the supreme court we are at liberty to look at the opinion of that court and to consider and decide any question left open by the mandate and opinion. *Ex Parte the Union Steamboat Co.,* 178 U. S. 317, 319. The defendant should be allowed to present any points raised by his bill of exceptions not covered by the opinion of the supreme court of the United States, and the plaintiff's motion, except in so far as it asks judgment for costs, is denied.

*A. G. M. Robertson* for plaintiff.

*D. L. Withington* and *J. W. Cathcart* for defendant.