## WILLIAM W. BIERCE, LIMITED, *v.* CLINTON J. HUTCHINS, TRUSTEE.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

### ARGUED NOVEMBER 11, 1907.   DECIDED DECEMBER 20, 1907.

### HARTWELL, C.J., WILDER AND BALLOU, JJ.

ELECTION—*waiver—estoppel.*

> There can be no waiver of a right which does not exist, consequently a decision that the plaintiff in bringing a lien suit did not show its election of a right to treat the property as sold precludes the possibility of a waiver if not of an estoppel, but the facts in the case do not show estoppel in pais or by record.

REPLEVIN—*pleading—evidence.*

> It is not error to allow a plaintiff to amend his petition by increasing the alleged value of the property sought to be replevied or by striking out the word "supplementary" prior to "contract." The exclusion of certain evidence of the condition of the property is not error.

#### OPINION OF THE COURT BY HARTWELL, C.J.

This was an action of replevin to recover certain rails, joints, spikes, switches, cars, locomotives, trucks, scales, lumber and

materials which the Kona Sugar Company had obtained from the plaintiff for a plantation railway over land of which the company owned the roadway for about one-third of a mile, an undivided interest for a little less than two-thirds of a mile, the rest of the roadway being held by the company partly under a license and partly by lease. The defendant claimed the property as purchaser at a receiver's sale of the Kona Sugar Company's property. The Kona Company obtained possession of the property in question under the following circumstances: February 21, 1900, the plaintiff, by its letter of that date, proposed to the company to furnish the company with the railway equipment and material at stated times and prices upon payment in Honolulu of drafts for the purchase money attached to the bills of lading. The proposal was accepted by the company's agents, M. W. McChesney & Sons, February 22, and the property was shipped by the plaintiff to Honolulu but, the drafts not being paid on presentation, was not delivered to the Kona Company until March 13, 1901, when the plaintiff wrote to the company as follows:

"Honolulu, H. T., Mar. 13, 1901.
"Kona Sugar Company, Limited,
           "Honolulu, H. I.
"Gentlemen:—

"In pursuance of the verbal agreement made between your President and William W. Bierce, Limited, we hereby offer the following terms in settlement of the contract between the Kona Sugar Company Limited and William W. Bierce Limited as evidence by letter dated February 21, 1900, and accepted by the Kona Sugar Company Limited, Feb. 22, 1900.

"We will take in settlement of this contract the sum of $10,000.00, U. S. Gold Coin, and the promissory note of the Kona Sugar Company Limited for the sum of $37,044.53, in favor of William W. Bierce, Ltd., payable six months after date at the Whitney National Bank in New Orleans, bearing interest at the rate of seven and one-half per cent ($7\frac{1}{2}\%$) per annum and secured by First Mortgage Bonds of the Kona Sugar Company Limited of par value equal to the note, said bonds being portion of a duly authorized issue not exceeding $200,000. This offer is conditioned upon its acceptance by

you payment of the money 'and delivery of the note, with collateral, before 4 p. m. on Thursday, March 14th, A. D. 1901.

"Upon such payment being made to us, before the hour named, we will deliver to you the bills of sale authorizing you to take charge of the rails, locomotives, cars, scales and other materials now awaiting delivery, upon the express condition and understanding that said rails, locomotives, cars, scales and other materials are and shall remain the property of William W. Bierce, Limited, until the full payment of the note above described, according to its terms.

"Very truly yours,

"W. W. Bierce Ltd.

"By H. T. Gilbert."

"The above terms are accepted this March 13, 1901.

"The Kona Sugar Co. Ltd.

"By its President,

"J. M.

"F. W. McChesney.

"(Seal)

"By its Treasurer

"F. W. McChesney."

"Received on account of above agreement exchange on New York for Ten Thousand Dollars and Seventy-six (76) $500. Bonds of the Kona Sugar Co. Numbered from 1 to 76 both inclusive.

"W. W. Bierce Ltd.

"By H. T. Gilbert."

This acceptance by the officers of the Kona Sugar Company was ratified at a directors' meeting held March 16, 1901. The minutes recite that "a written offer from W. W. Bierce Ltd., was read and discussed" and the resolution ratifies "the settlement as made by the President," but the preamble to the resolution, in purporting to state the offer, makes no mention of the reservation of title. Upon the signing March 13 of the acceptance of the proposed terms the plaintiff received from the Kona Company the sum of $10,000 and the company's note for $37,044.53 payable six months after date with interest at seven and one-half per cent and as collateral thereto seventy-six of the company's first mortgage bonds and thereupon the

plaintiff released the bills of lading from the drafts and the property in question was delivered to the Kona Company.

The railroad was then constructed by the Kona Company although a small portion of the material was not used in the construction. The note was not paid at maturity. The plaintiff's agent sent to Honolulu for the purpose of collecting it failed to do so. On March 28, 1902, the company being without funds to carry on its business, harvest its crops or pay the rents for its leaseholds, upon application of certain creditors and by consent of the First American Savings & Trust Company, trustee under a deed of trust by the Kona Company conveying all its property as security for payment of it bonds, a receiver was appointed, with authority to carry on the plantation in order to save the crop, who took possession of the property of the Kona Company and of the railroad equipment.

May 13 the plaintiff filed in the circuit court of the third circuit, in which the receivership proceedings were pending, its "Notice of Lien of Materialman" declaring that it "has a lien on certain property of the Kona Sugar Company," described as "all that certain cutting, embankment, grading and filling, and track, switches, buildings, cars, engines and other property forming and constituting the line, roadway and equipment of the single track railroad of the Kona Sugar Company," for the sum of $37,044.53 and interest for materials furnished by the plaintiff to the Kona Company for the construction and equipment of the said railroad, and August 1 the plaintiff, having obtained leave, brought a lien action against the receiver for recovery of the purchase money. November 24 the plaintiff intervened in the receivership proceedings with its petition setting forth inter alia the indebtedness of the Kona Company for materials furnished it to be used, and which in fact were used, in the construction and equipment of its railroad; that the plaintiff was the owner of $45,000 worth of the first mortgage bonds of the Kona Company secured by a mortgage upon all its property, including the railroad equipment, and praying that the order of sale be modified by excepting "all liens, rights,

claims and interest of whatsoever name or nature of all bond-holders and of all persons claiming, asserting or seeking to enforce any lien of whatsoever name or nature." January 28, 1903, the plaintiff discontinued the lien action and February 5 it sought and was denied leave to bring against the receiver an action of replevin for the railway property, the plaintiff's theory of a sale being thus changed to that of ownership. The receiver's sale was made and the plaintiff May 30, 1903, filed a protest against its confirmation and moved that it be declared to be no sale on the ground that it purported to include this railroad property. The sale being confirmed the plaintiff appealed to this court solely upon the ground that the judge had no jurisdiction to appoint the receiver or order the sale. *McChesney v. Kona Sugar Co.,* 15 Haw. 710. The jurisdiction being sustained the plaintiff brought a writ of error to the order confirming the sale which was dismissed November 21, 1904, on the ground that it did not appear that any of the property of the plaintiff was ordered to be sold. *Bierce v. McChesney,* 16 Haw. 258. The plaintiff then brought this action of replevin the venue being changed to the first circuit and jury being waived by stipulation. The trial judge gave judgment that the plaintiff recover the property with $1045 damages for its detention and costs, or $22,000, found to be its value, with the same damages for its detention, informing the plaintiff's attorneys that they could prepare what they considered to be the necessary facts leading to this conclusion and present them. Several days later the plaintiff presented, and the judge allowed, seventeen findings of fact and eight conclusions of law as they are termed.

The findings and conclusions are to the effect that February 21, 1900, the plaintiff and the Kona Company made a contract for sale of this property; that it did not pass to the company's possession until after the contract of March 13, 1901; that the payment of $10,000 and the note for $37,044.53, given under that contract, were in settlement of the former contract and not in consideration of the purchase price; that the pay-

ment of the note was a condition precedent to divest the plaintiff of its title; that the later contract was entire and incapable of apportionment so as to ascertain the price of lienable and nonlienable items—was a conditional sale and not a chattel mortgage or an absolute sale with lien reserved in the vendor; that some of the property was not used for the railway and was not lienable; that the plaintiff, by the lien suit or generally, had not waived its title to the property or made election of remedies or rights to bar this action or rescind the contract; that the defendant took possession with knowledge of the plaintiff's claim of title; that the value of the property was $22,000 and that the plaintiff had suffered damages from its detention in the sum of $1045, being six per cent. interest on $22,000 from June 1, 1903.

The defendant's bill of exceptions to rulings at the trial, the judgment and the findings and conclusions was brought to the this court, argued November 14, 1904, and decided January 28, 1905, (16 Haw. 418), a petition for rehearing argued March 13 and April 19, being denied April 29. (Ib. 717.) The exceptions were sustained which related to the plaintiff's election by its lien action to treat the property as sold, the judgment of the circuit court being reversed and the cause directed to be remanded for such further proceedings as might be proper.

May 6 the plaintiff moved that the decision of January 28 reversing the judgment of the trial court and remanding the cause for such further proceedings as may be proper be modified "so as to direct that the case be remanded to the circuit court with instructions to enter judgment for the defendant with costs," the object of this motion being stated to be "in order that plaintiff may have a final judgment entered in the above cause which may be reviewed by writ of error to the Supreme Court of the United States." Judgment was entered therefor in form prepared by the plaintiff:

"Now, therefore, it is considered by the court and is now ordered and adjudged that the judgment entered in said cause

by the circuit court of the first judicial circuit, Territory of Hawaii, for the return of the property in controversy in the above cause, or, in case the same should not be returned, for the value thereof, found to be the sum of $22,000, and interest thereon, be and the same is hereby reversed and the exceptions, in so far as they raise the question of election, are sustained and the said cause is hereby remanded to the said circuit court with directions to enter judgment for the defendant with costs."

May 11 the plaintiff filed a motion stating its desire to appeal to the United States supreme court and that in order to give jurisdiction to said court to pass upon the merits of the case "it seems to be necessary that this court should make a statement of the facts of the case in the nature of a special verdict as provided by Act 80, 18 U. S. St. at L., pp. 27 and 28." May 16 the motion was denied "as said cause came up on a bill of exceptions and this court has no jurisdiction to make findings of fact in matters so presented." The plaintiff then moved that the court allow its appeal to the United States supreme court, which motion was denied. December 4 the plaintiff obtained an order from Mr. Justice McKenna of the United States supreme court that the appeal from the judgment of this court be allowed on the plaintiff giving a bond in the penal sum of $1000 conditioned according to law and approved by the chief justice of this court. March 5, 1906, the plaintiff's bond having been approved, it obtained an order from the United States supreme court that the bond operate as a supersedeas and that the judgment be superseded accordingly. Upon this appeal the United States supreme court reversed the decree (judgment) of this court and remanded the cause for further proceedings, (*Bierce v. Hutchins,* 205 U. S. 340), whereupon the plaintiff moved for judgment. The defendant, however, insisting upon his right to have such of his exceptions passed upon as are not concluded by the opinion of the court above, this court held that he was entitled to a consideration of the points presented by those exceptions. *Bierce v. Hutchins.* 18 Haw. 374.

At the time of the decision on the exceptions this was the court of last resort for the case as no federal question was involved and the appellate relations between the courts of Hawaii and the supreme court of the United States were not governed by the law applicable to other territories but were identical with the law applicable to states. *Equitable Life Assurance Society v. Brown,* 187 U. S. 308. March 3, 1905, however, congress amended the Organic Act of April 30, 1900, c. 339, § 86, by adding at the end of the section:

*"Provided,* That writs of error and appeals may also be taken from the Supreme Court of the Territory of Hawaii to the Supreme Court of the United States in all cases where the amount involved, exclusive of costs, exceeds the sum or value of five thousand dollars."

The supreme court in its opinion takes the view that the proviso added by the act of March 3, 1905, to the previously existing right of review not only puts Hawaii on the same footing as other territories with respect to this class of cases but also puts in force here the practice act of April 7, 1874, ch. 80; 18 Stat. L. 27; 1 Suppl. Rev. Stats. 7. This act purports to deal with appeals from territories which have adopted the code procedure, and its application to a court which has always observed the distinction between common law and chancery procedure in a common law case in which the main decision was rendered before the act was applicable naturally gives rise to many confusing questions.

But no question as to the effect of these statutes arises in this case in the view which we have taken of the defendant's remaining exceptions. He contends (1) that the findings of the trial court, to all of which he excepted, are not supported by the evidence; (2) that if the findings can stand the plaintiff's acts, enumerated above, show its waiver of its right to the property sued for; (3) that by reason of those acts the plaintiff is estopped by its conduct and by the judgments of this court on its appeal from, and writ of error to, the confirmation of the receiver's sale, and also is estopped by the record from claiming the property or asserting ownership thereof.

We are of the opinion that the findings are supported by undisputed evidence in so far as they are findings of material facts and not statements of legal conclusions or immaterial statements varying or contradicting written instruments, and that upon these facts the decision of the supreme court is conclusive against the defendant's contention. For instance, the findings especially urged by the defendant to be erroneous are the sixth finding of fact, which also covers the sixth conclusion of law, and the fourth conclusion of law, reading as follows:

"That the contract of March 13, 1901, was an entire contract and intended so to be, for a lump sum consideration, which consideration was incapable of being apportioned so as to make possible the ascertainment of the price of the lienable and nonlienable items thereof.

"That the payment of $10,000 under the contract of March 13, 1901, and the giving of the note therein for $37,044.53 secured by the bonds of the Kona Sugar Co., Ltd., was in settlement and adjustment of the contract of February 21, 1900, and neither said cash nor said notes and bonds were given as a consideration for the purchase price of the materials sued for."

The construction of the written instrument of March 13, 1901, is plainly a question of law. What it was intended to be by the parties is as plainly immaterial. That the cash payment and the giving of the bonds under said contract was in settlement of the previous contract appears from the face of the written instrument, and the testimony of the officers and agent of the Bierce corporation, relied on by the defendant, to the effect that the agent was endeavoring to collect the purchase price of the material, can have no effect in varying the instrument itself. The matter of segregating the lienable from the nonlienable articles by reference to the contract of February 21 was material only upon the theory, now concluded, that the plaintiff's lien suit affected its rights. The two contrasts between the plaintiff and the Kona Company, as well as all the material acts of the plaintiff which are relied upon as constituting election, waiver or estoppel, are matters of documentary evi-

dence, and it was for this reason that this court said: "Upon the question of election in this case the material facts are undisputed and the construction of the contracts, which are in writing, is a matter of law for the court." (16 Haw. 426.) The supreme court of the United States likewise said: "The findings of fact were taken to be true by the supreme court and are not open to dispute except so far as they depend upon rulings of law," which we construe as meaning, "are not open to dispute in any event" and not, as now contended by the defendant, "are not open to dispute for that reason."

It appeared to us in considering the case at the former hearing of the defendant's exceptions that the contract of March 13, 1901, was supplementary to that of February 21, 1900, in extending the time of payment of all but $10,000 of the purchase money, securing the balance by the note and bonds, and that the retention of title was for further security by way of mortgage, but the appellate court declared that this contract "took the place of that previously made." Under this decision this court is not at liberty to construe the second contract as merely changing some of the terms of the earlier contract and not as a complete substitution and effacement of that contract.

As to the claim of waiver, the passing of the title being subject to a condition precedent, the subsequent election of the plaintiff to treat the title as having passed and its waiver of the condition precedent are but two aspects of the same question. The matter of waiver was fully discussed in connection with the question of election in the defendant's brief in the supreme court as appears by that brief now filed with us and by its summary in the official report. Although the decision of the supreme court does not use the term "waiver," it sufficiently appears throughout that waiver of the condition precedent is the matter under discussion, as, for example, when the opinion says "the election supposed and relied upon is an election to keep the contract in force but to leave out the reservation of title." (205 U. S. 347.) If the plaintiff's acts, relied on by the defendant, would amount to a waiver under any circum-

stances, the decision of the supreme court proceeds upon the broad ground that the title to goods sold subject to a condition precedent cannot be passed by any unilateral act of the vendor.

Whether the question of estoppel in pais is covered by the decision of the supreme court or fairly included in its reasoning or not we see no grounds upon which the defendant can claim the benefit of any estoppel. He could not have relied upon prior representation of the plaintiff that this property belonged to the Kona Company for the reason that the plaintiff had receded from that position before the sale took place and at the sale read a protest claiming it as its own.

"If both parties are equally cognizant of the facts and the declaration of one party produces no change in the conduct of the other, there is no estoppel." *Goo Kim v. Holt,* 10 Haw. 66.

There was no estoppel by the judgment confirming the receiver's sale as far as jurisdiction was concerned (15 Haw. 710) nor by the decision that the order of sale failed to show that it included any of the plaintiff's property. (16 Haw. 258.) The question of title in this action was not before the court in those cases and if it had been presented the court probably would have had no jurisdiction in those equitable proceedings to determine the title.

The defendant has pointed out that the decision of the supreme court concerning the effect of the plaintiff's lien action appears to have been based in part upon the view that the plaintiff had made a mistake as to the ownership of the land on which the railway was built, the court remarking "The fact that a party, through mistake, attempts to exercise a right to which he is not entitled does not prevent his afterwards exercising one which he had and still has unless barred by the previous attempt." (205 U. S. 347.) If the evidence showed, as it does not, that the company owned all instead of about one-sixth of the land over which the railway was made this would not affect the decision that "the assertion of a lien by one who has title, so long as it is only an assertion and nothing more, is merely a mistake." (Ib.)

The defendant's exception to the refusal of the trial judge to find separate values for the articles furnished cannot be sustained since the second contract does not mention the prices, and their separate values with reference to that contract are immaterial.

The only exceptions to rulings prior to the judgment on which the defendant relied in argument are (1) to allowing the plaintiff to amend its complaint by changing the averment of the value of the property first from $15,000 to $20,000 and then to $22,000 and by striking out from the complaint the word "supplementary" before the word "contract," and (2) to ruling out certain evidence of Scott, the first receiver, concerning the condition of the property, on the ground that he was not an expert.

The amendments were properly allowed under the statute. (Sec. 1738 R. L.) Before the property was delivered to the plaintiff the defendant obtained a return of it to himself upon his statutory bond in double the value of the property as originally stated by the plaintiff. It does not appear that the defendant's rights were affected by the amendment increasing the value, and the amendment striking out the word "supplementary" conforms to the ruling that the later contract was substituted for, and in settlement of, the earlier and was not a contract for payment of the purchase money.

As to Scott's testimony. His testimony as to one car being damaged was kept in while his testimony as to the rest of the equipment being in good condition was struck out. Upon objection by the plaintiff that Scott was not an expert as to value the defendant admitted that he was not attempting to prove value. Consequently Scott's testimony was immaterial and the exception should be overruled.

Exceptions overruled.

*A. G. M. Robertson* for plaintiff.

*D. L. Withington* (*Castle & Withington* on the brief) and *J. W. Cathcart* for defendant.