**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLUEEARTH BIOFUELS, LLC, | No. 11-16846 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00181-DAE-KSC |
| v. | |
| HAWAIIAN ELECTRIC COMPANY, INC.; MAUI ELECTRIC COMPANY, LTD.; ALOHA PETROLEUM, LTD.; KARL E. STAHLKOPF, Individually, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted June 11, 2013
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

BlueEarth Biofuels, LLC appeals the district court's judgment in favor of

Hawaiian Electric Company, Inc. ("HECO"), Maui Electric Company, Ltd.

("MECO"), Karl E. Stahlkopf, and Aloha Petroleum, Ltd. BlueEarth alleged

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

various causes of action that arose out of the parties' failed effort to develop a biodiesel production plant on Maui. As relevant to this appeal, the district court granted summary judgment on BlueEarth's claims for breach of the parties' memorandum of understanding ("MOU") and breach of fiduciary duties, and dismissed with prejudice BlueEarth's unfair competition claim in a supplemental pleading after denying leave to amend it. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court did not abuse its discretion by considering HECO and MECO's novation theory in granting them summary judgment on BlueEarth's claim for breach of the MOU.[1] HECO and MECO contended that the BlueEarth Maui Biodiesel, LLC Investment and Operating Agreements ("BEMB Agreements") were integrated and covered the same subject matter as the MOU, therefore superseding and cancelling the MOU in its entirety. BlueEarth was fairly on notice of HECO and MECO's legal argument without a specific reference to novation in their answers or motions. *See Cnty. of Haw. v. Unidev, LLC*, 289 P.3d 1014, 1031 (Haw. Ct. App. 2012) (explaining that "a novation is but one type of a substituted contract" that "brings in a new party"), *vacated in non-relevant part*,

---

[1]In granting summary judgment on BlueEarth's claim for breach of the MOU, the district court assumed without deciding—as do we—that the MOU created legally binding commitments between the parties.

2

No. SCWC-10-0000188 (Haw. May 22, 2013); *cf. Fanucchi & Limi Farms v. United Agri Prods.*, 414 F.3d 1075, 1082 (9th Cir. 2005) (holding that complaint relying on novation theory need not "plead novation specifically" in order to put defendants on notice of claim).

The district court correctly held that the BEMB Agreements novated the MOU. We look to state law to determine "whether an agreement was meant to extinguish the old obligation and to substitute a new one." *Fanucchi & Limi Farms*, 414 F.3d at 1082. In Hawaii, the construction of a written agreement as either supplemental to or in place of a previous agreement "is plainly a question of law. What [the later agreement] was [subjectively] intended to be by the parties is as plainly immaterial." *William W. Bierce, Ltd. v. Hutchins*, 18 Haw. 511, 519 (Haw. Terr. 1907). Only where a written agreement's terms are ambiguous as to the parties' objective intent may the factfinder "consider evidence extrinsic to the written contract, including evidence of the surrounding circumstances and the parties' subsequent conduct in construing the contract." *Stewart v. Brennan*, 748 P.2d 816, 821 (Haw. Ct. App. 1988).

The MOU set the basic negotiating framework that would govern the parties' relationship until they reached an agreement on more detailed terms for the project's development and financing. The MOU thus clearly anticipates that the

parties would reach subsequent agreements that would supersede the MOU's terms.

Moreover, the BEMB Agreements unambiguously express the parties' intent to replace rather than amend the MOU. The BEMB Operating Agreement contains an integration clause stating that it "supersedes any and all prior agreements or arrangements (oral or written) among any of the parties hereto regarding the subject matter hereof." The BEMB Investment Agreement contains a similar clause. *Cf. Shanghai Inv. Co. v. Alteka Co.*, 993 P.2d 516, 531 (Haw. 2000) (finding that later agreement was properly viewed as amendment rather than substituted contract where the parties indicated specific terms that they intended to amend and the amendment stated that the terms of the earlier agreements "shall remain in full force and effect"), *overruled on other grounds*, *Blair v. Ing*, 31 P.3d 184, 188 n.6 (Haw. 2001). Plainly, the parties objectively intended the BEMB Agreements to serve as a novation of the MOU.

In claiming that HECO and MECO breached the MOU, BlueEarth asserted that HECO violated its exclusivity provisions and failed to make a required contribution of $400,000. But the BEMB Agreements eliminated the exclusivity requirement before HECO and MECO began discussions with Aloha and modified the capital contribution requirement such that the obligation was transferred from

4

HECO to Uluwehiokama Biofuels Corp.  Consequently, BlueEarth cannot recover for alleged breaches of the MOU that either occurred after the BEMB Agreements came into effect or involved an obligation that the BEMB Agreements extinguished as to the party allegedly in breach.  The district court correctly granted summary judgment on this claim.

**2.** BlueEarth challenges the district court's grant of summary judgment on its claim for breach of fiduciary duties on the ground that the district court failed to consider HECO and MECO's non-contractual fiduciary duties.  By failing to raise this argument in opposition to summary judgment, however, BlueEarth waived it. *See, e.g.*, *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012) ("[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (quoting *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)) (internal quotation mark omitted)); *see also Alexopulos ex rel Alexopulos v. Riles*, 784 F.2d 1408, 1410–11 (9th Cir. 1986) (finding tolling argument waived because the appellants failed to raise it in opposition to summary judgment—even though the parties had briefed the general statute-of-limitations issue—and "did not provide reasons for their failure").

It is true that the district court earlier had allowed for the possibility that BlueEarth could show that HECO and MECO breached fiduciary duties imposed by statute, such as the duty of loyalty and the duty to refrain from self-dealing. Yet BlueEarth, by pressing only its argument that HECO and MECO violated the non-disclosure and non-compete agreements during the summary judgment proceedings, signaled to the district court that it had abandoned a statute-based theory of duty. This is especially so given that the district court had raised the statutory theory sua sponte in its order denying the earlier motion to dismiss. Because BlueEarth never attempted to articulate a statute-based theory of fiduciary duty, summary judgment was appropriate on its claim for breach of any such duty.

**3.** The district court did not abuse its discretion by denying BlueEarth leave to amend its supplemental pleading to add allegations concerning an unfair competition claim. Even considering BlueEarth's proposed amendments, its unfair competition claim was still vague and conclusory regarding "the nature of the competition" and how defendants' conduct "will negatively affect competition," which are necessary elements of an unfair competition claim. *Davis v. Four Seasons Hotel Ltd.*, 228 P.3d 303, 317–18 (Haw. 2010). In particular, it is unclear how HECO's project with 'Āina Koa Pono LLC ("AKP") has anything to do with HECO allegedly freezing BlueEarth out of the biodiesel project with Aloha. The

6

remainder of BlueEarth's allegations in its proposed amendment to the supplemental pleading—those having nothing to do with AKP—all were known to BlueEarth before it filed its third amended complaint. Despite several opportunities to amend its pleadings, BlueEarth's proposed amendment to its supplemental pleading failed to correct the fundamental deficiencies in its unfair competition claim. Therefore, the district court did not abuse its discretion in denying leave to amend the supplemental pleading. *See, e.g.*, *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012).

**AFFIRMED.**