NO. 787. J. ALFRED MAGOON, ET AL., *v.* LORD-YOUNG ENGINEERING COMPANY, LIMITED. Appeal from Circuit Judge, First Circuit. Argued October 5, 1914. Decided October 6, 1914. Robertson, C.J., Watson and Quarles, JJ. Per curiam: The court, of its own motion, requested counsel to appear and present their views with reference to the matter of the qualification of Mr. Justice Watson to sit and partake in the hearing and decision of the appeal in this case.

The original complaint was filed in the court below on March 4, 1914. On March 5, a demurrer was interposed by the defendant, Lord-Young Engineering Company, Limited, which was signed "Thompson, Wilder, Watson & Lymer. F. W. M. and Fred W. Milverton" as attorneys for the said defendant. Later, other pleadings were filed which were signed in the same manner. Mr. Watson took no part whatever in the preparation or management of the case, did not discuss it with the client or with his associates in the firm, and received no compensation in connection with the case. Justice Watson's appointment as a member of this court was confirmed by the United States senate on March 11, and he took the oath of office on March 19, 1914, upon which date his membership in the law firm in which he had been associated was severed. The question is whether his formal connection with the case as above explained constitutes a present disqualification. The court is of the opinion that it does.

Section 84 of the Organic Act provides that no person shall sit as a judge in any case in which he has been "of counsel."

It was suggested at the bar that there is a distinction, which may have been in the mind of Congress, between an *attorney,* meaning and including one who may have had only a nominal connection with a case in a professional way, and *counsel,* meaning one who has or had the actual management or handling of a case. If any distinction is to be drawn we should say that an "attorney" is one who has active charge of a case, and "counsel" one who is associated with the attorney in an advisory capacity. But in this Territory, for any practical purpose, there is no distinction between an attorney and a counsellor. In the case of *In re Paschal,* 10 Wall. 483, 493, the supreme court said, "In this country, the distinction between attorney or solicitor and counsel is practically abolished in nearly all of the States. The lawyer in charge of a case acts both as solicitor and counsel. His services in the one capacity and the other cannot well be distinguished." See also *Ingraham* v. *Leland,* 19 Vt. 304, 307, where the court said, "There is no distinction here between counsel and attorney in a cause. Our statute attaches the same meaning to the phrase 'being of counsel,' which popular usage attaches to it, that of being concerned in a cause, or having charge of it as attorney." We think the intent of Congress as expressed in section 84 of the Organic Act, which was amended after this court had held that having previously been counsel in a cause did not disqualify a justice from sitting in a case (*Love* v. *Love,* 17 Haw. 194; *Notley* v. *Brown,* id., 393; *Bierce* v. *Hutchins,* 18 Haw. 374), was that a judge should not sit in a case where with reference to that case the relation of attorney and client had existed between him and one of the parties whether he was personally familiar with the case or had advised in regard to it or not. When a litigant retains a firm of lawyers in a case each member of the firm becomes the attorney or counsel for the litigant and the appearance in court of one member of the firm is the appearance of the firm. "The law which disqualifies a judge who has been of counsel in the case intends that no judge shall preside in a case in which he is

not wholly free, disinterested, impartial, and independent. * * * The matter is simply one of having been of counsel, and is entirely independent and distinct from any question of pecuniary interest, or of the payment of any fee or reward. * * * That the main suit of *Ambler* v. *Stevens* was entirely in charge of another member of the law firm in which" the judge "was a partner, does not alter the principle. What a partner does in the firm name in the pursuit of its ordinary business is done by the firm, and upon the firm's responsibility." *State* v. *Hocker* (Fla.), 25 L. R. A. 114, 119. See also *East Rome Town Co.* v. *Cothran* (Ga.) 8 S. E. 737.

Mr. Justice Watson will not participate in the hearing of this appeal.

*J. A. Magoon* and *C. H. Olson* for plaintiffs.

*F. W. Milverton* for defendant.