IN THE MATTER OF THE APPLICATION OF THE
HAWAII TELEPHONE COMPANY FOR AP-
PROVAL OF AN INCREASE IN ITS RATE
SCHEDULE.

No. 1377.

APPEAL FROM PUBLIC UTILITIES COMMISSION.

ARGUED MAY 29, 1922.                    DECIDED JUNE 1, 1922.

PETERS, C. J., EDINGS AND PERRY, JJ.

*Per Curiam:* The chief justice called to the attention
of counsel the possibility of his disqualification to take
any part in the determination of this case. The facts, as
stated by the chief justice and his former partner, Mr.
A. G. Smith, are these: Early in January, 1922, during
the absence of Mr. Peters on the mainland, the public
utilities commission of the Territory of Hawaii addressed
a letter to Mr. Smith whereby it employed him as the
attorney of the commission, the employment to take effect
on February 1, 1922. A regular monthly retainer was
agreed upon. Under this agreement the amount of the
retainer was to be compensation for routine consultations
and advice but the attorney was to be at liberty to make
additional charges for his services in judicial proceedings
and perhaps in certain other extraordinary matters.

The partnership of Peters & Smith was dissolved on
March 31, 1922. Under the terms of the partnership
agreement all law business coming to either member of
the firm was to be deemed to be the business of the firm
and all employments of either member as attorney were
to be deemed to be employments of the firm. The prac-
tice during the whole period of the partnership was in
accordance with this agreement.

The public utilities commission appears to be a party in interest in the above entitled cause. A brief in its behalf, on the present appeal to this court, was filed on March 18, 1922, and was signed by Messrs. Watson, Clemons & Hite, the former attorneys for the commission, and Mr. Smith, as its attorneys. A stipulation filed in this cause on February 9, 1922, bears the signature of the firm of Peters & Smith, as well as that of Messrs. Watson, Clemons & Hite, as attorneys for the commission. The commission's brief now on file, although prepared by Mr. Clemons, was examined by Mr. Smith before it was filed; and it is the intention of Mr. Smith to attend the argument of this appeal, at least by way of watching the proceedings.

Mr. Peters took no part whatever in the preparation or management of this case and did not discuss it with the clients or with his partner. While he received a share of the general retainer for the months of February and March he received no compensation in connection with this case and, under the arrangements with his partner, is not entitled to receive any.

The question is whether, under these circumstances, the chief justice is disqualified. We think that he is. Section 84 of the Organic Act provides that "no person shall sit as a judge in any case in which he has been of counsel." The employment by the commission of Mr. Smith must be regarded as having been made subject to and in consonance with the obligations and understanding of the members of the firm of Peters & Smith to and with each other. The firm itself became the attorneys of the commission, with the duty in Mr. Smith to give his personal attention to all legal business of the commission. We feel compelled to find that Mr. Peters was "of counsel" in this case. The fact that he took no part in the case and had no knowledge of its issues does not alter

his status. The inhibition of the Organic Act still applies. See *Magoon* v. *Lord-Young Eng. Co.*, 22 Haw. 245, 246.

The chief justice will not participate in the hearing or the determination of this appeal.

*W. F. Frear* for the applicant.

*A. G. Smith* for the Public Utilities Commission.