## SUSAN A. ANDERSON *v.* W. G. RAWLEY COMPANY, LIMITED.

### No. 1472.

#### SUGGESTION OF DISQUALIFICATION.

ARGUED MARCH 15, 1923.                    DECIDED APRIL 20, 1923.

#### PETERS, C. J., PERRY AND LINDSAY, JJ.

ATTORNEY AND CLIENT—*retainer and authority—incidents of relation—*
*scope of authority.*

Where a firm of attorneys is retained generally to represent
the applicant upon an application made for a building permit pur-
suant to and as required by the provisions of Ordinance No. 175
of the ordinances of the City and County of Honolulu, to which
a protest has been filed, and to secure the permit therein prayed,
its employment includes the implied power to take any and all
steps usually and reasonably necessary to secure the desired per-
mit and when secured to oppose any steps that might be taken
within a reasonable time after its issuance to revoke it or nullify
the privileges granted under it.

JUDGE—*disqualification to act "in any case in which he has been of*
*counsel."*

And where the protestor within a reasonable time after the
issuance of the building permit institutes injunction proceedings
to prevent the exercise of the privileges granted under it upon
the same grounds urged by her in support of her protest to the
application such injunction proceeding is but a part and a con-
tinuation of the original employment and within the meaning of

section 84 of the Organic Act is the "same case" in which the attorneys were originally "of counsel," and a member of said firm who prior to the institution of such injunction proceeding became a justice of this court is disqualified to sit upon any hearing involving the merits of said cause.

OPINION OF THE COURT BY PETERS, C. J.

The chief justice suggested in writing his disqualification herein upon the ground that prior to his becoming a member of this court he had been "of counsel" in this case. From the facts stated in the suggestion and from the record herein it would appear that in January, 1922, application was made to the building inspector of the City and County of Honolulu on behalf of the respondent W. G. Rawley Company, Limited, pursuant to the provisions of Ordinance No. 175 of the ordinances of the City and County of Honolulu, for a permit to erect a building on the southeasterly corner of Beretania avenue and Keeaumoku street, Honolulu, designed for use or intended to be used as a store; that to said application for a building permit the complainant Susan A. Anderson filed a protest and in support thereof presented objections of both law and fact upon which she claimed that the applicant was not legally entitled to the permit as prayed; that while said application for a building permit and said protest and objections were pending before said building inspector the firm of Peters & Smith, of which the chief justice was then a member, was retained generally by said respondent to act for and on its behalf in the matter of said application and secure for it the building permit as prayed; that on February 8, 1922, said building inspector granted said application for a building permit and issued to the respondent a building permit as prayed; that thereafter and on to-wit the 21st day of February, 1922, complainant herein caused to be issued out of and under the seal of the circuit court of the first circuit an

alternative writ of mandamus directing said building inspector to revoke and cancel said building permit theretofore issued to the respondent as aforesaid or to show cause at a time and place certain why the same should not be canceled and revoked; that said alternative writ of mandamus alleged as grounds for the cancelation and revocation of said building permit all the matters and things which were the subject of the protest of complainant to said application for a building permit and the objections presented by her in support thereof; that the firm of Peters & Smith appeared for said building inspector as associate counsel and their names appear of record in said cause as such; that on the 1st day of March, 1922, the firm of Peters & Smith dissolved; that on the 17th day of April, 1922, Mr. Peters qualified as chief justice of this court; that on May 31, 1922, said alternative writ of mandamus was by a judge of the first circuit court dismissed and judgment was on said last named day entered in said court accordingly; that on June 2, 1922, the complainant instituted the within action which is a suit in equity to restrain the respondent from erecting the building for which such building permit was granted; that by and under the bill of complaint and answer herein were presented to the trial court and upon appeal are presented to this court, among others, all the questions of law and fact respectively presented and urged by complainant to said building inspector and upon her protest to said application for a building permit and her objections presented in support thereof.

Section 84 of the Organic Act prohibits a judge from sitting "in any case in which he has been of counsel."

It seems clear that the chief justice has been "of counsel" in this case. The law firm of which he was a member was retained generally to represent the applicant upon its application for a building permit as therein

prayed.  The details of the employment and the various steps necessary to its performance were not limited by the client in any way.  The conduct of the business and the means of its accomplishment were committed to their discretion.  Similarly as common-law agents their powers were such as were actually conferred upon them and those to be implied as flowing therefrom.  "The general implied authority of an attorney by virtue of his employment includes the doing on behalf of his client of all acts in or out of court necessary or incidental to the prosecution or management of the suit, or to the accomplishment of the purpose for which he has been retained." 6 C. J., title "Attorney & Client," Sec. 146, p. 641.  Upon counsel rested the obligation to use all necessary means usually and reasonably calculated to perform the service for which they were retained.  Such means would include both the institution and the defense of proceedings of whatever nature to secure the permit as well as protect it against attack within a reasonable time after its issuance.  Had the building inspector denied the application and refused to issue the permit it would have been the plain duty of the respondent's attorneys, without further request by it, to institute the necessary legal proceeding to compel the issuance thereof.  Likewise had the complainant prior to the issuance of the permit instituted injunction proceedings to prevent the erection of the building for which the permit had been granted it would have been equally the plain duty of the respondent's attorneys on behalf of their client to have seen to the proper representation of the building inspector and if found necessary, with the permission of the city and county attorney, to have entered their appearance therein as attorneys for the building inspector.  To have taken such proceedings and to have thus protected their client's interests from attack would have been clearly implied by

their employment. We can see no difference in principle in the duty they owed their client after the application had been acted upon favorably and the permit issued. The mandamus proceeding was instituted almost immediately after the issuance of the permit and sought its annulment or cancelation. Mandamus proving unavailing injunction proceedings were resorted to, calculated similarly as the mandamus proceeding to prevent the exercise by the respondent of the privileges conferred by the permit. It cannot with reason be said that while the employment of Peters & Smith contemplated the institution of legal proceedings to coerce the issuance of the permit immediately upon its issuance their duties ended. On the contrary it was their plain duty under the circumstances of their original employment to preserve the permit they had secured for their client and without further retainer represent its interests in all proceedings the object of which was to prevent its exercise. It was clearly within the scope of the original retainer not alone to take any and all necessary steps to secure the desired permit but also when secured to oppose any steps that might be taken within a reasonable time after its issuance to revoke it or nullify the privileges granted under it.

This being so it necessarily follows that the retainer of Peters & Smith in the first instance included this particular case. That it was not then in existence is immaterial. It may be said to have been reasonably contemplated by the parties in the event of a possible contingency which subsequently actually developed. It was one of the incidents of the employment. Their employment contemplated this as well as any and all other cases which they might reasonably find necessary to institute or defend in order to secure the desired permit and upon its issuance render it available to the applicant. This proceeding is but a part and a continuation

of the original employment and hence within the meaning of the quoted excerpt from the Organic Act and is the same "case" in which the chief justice was originally "of counsel." Under the circumstances we hold him to be disqualified to sit.

*F. E. Thompson* of the firm of Thompson, Cathcart & Ulrich for petitioner.

*A. G. M. Robertson* of the firm of Robertson & Castle; *E. M. Watson* of the firm of Watson & Lymer; *E. A. Mott-Smith; W. F. Frear* of the firm of Frear, Prosser, Anderson & Marx; *N. D. Godbold* of the firm of Hathaway & Godbold, and *Noa W. Aluli,* amici curiae.