THE HENRY WATERHOUSE TRUST COMPANY, LIMITED, TRUSTEE FOR SARAH E. BROWN, *v.* THOMAS TREADWAY, ET AL.

No. 1642.

SUGGESTION OF DISQUALIFICATION.

ARGUED JUNE 7, 1926.                    DECIDED JUNE 15, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

JUDGE—*disqualification.*

When a judge, prior to his accession to the bench, has been counsel in a justiciable matter which subsequently assumes the form of active litigation, he is disqualified to sit in its hearing and determination.

OPINION OF THE COURT BY BANKS, J.

The chief justice, by memorandum, suggests his disqualification to hear the present appeal. In substance the memorandum recites that in March, 1921, prior to his becoming a member of this court, at the request of Mrs. A. N. Jacobsen he prepared and rendered to her an opinion as to the construction of the tenth clause of the will of Michael J. Nowlein, being the same will and clause which are the subject of discussion in the briefs in the case above named. At the time of the rendition of that opinion no partition suit or other judicial proceeding to secure a construction of the aforesaid will and clause had been instituted or was under immediate contemplation, as far as the chief justice can recall. The present suit for partition was commenced in July, 1922. The chief justice became a member of this court on April 17, 1922. Section 84 of the Organic Act provides that no person shall "sit as a judge in any case in which he has been of counsel."

The question presented for our decision is whether the relation of attorney and client existing between the chief justice and Sarah T. Jacobsen (same as Mrs. A. N. Jacobsen), one of the parties to this suit, and the opinion given to Mrs. Jacobsen by the chief justice concerning a clause of the will of Michael J. Nowlein, which will is now before the court for construction, disqualifies him under section 84 of the Organic Act from sitting in the present appeal.

The broad purpose of the section of the Organic Act above quoted is to disqualify any judge from participating in the hearing and determination of a case in which he as counsel has already reached a conclusion. This is for the protection, not only of litigants whose rights might be affected thereby, but also for the protection of the court against public criticism. Nothing is more essential to the good repute of the judiciary than a firm conviction in the public mind that its judgments are free from personal bias or prejudice on the part of those who compose it. It is immaterial whether the questions involved in any particular suit were predetermined by a judge while acting as counsel prior or subsequent to the institution of legal proceedings. He is just as much disqualified in one instance as in the other. It would entirely escape the spirit and purpose of the Organic Act to confine his disqualification to cases that had reached the point of actual litigation. Within the contemplation of the law his opinion would be just as fixed upon a matter in which he had acted as counsel before suit was brought as it would be if he had himself brought the suit and conducted its trial.

We conclude therefore that if a judge, prior to his accession to the bench, has been counsel in a justiciable matter which subsequently assumes the form of active

litigation, he is disqualified to sit in its hearing and determination.  The chief justice is disqualified.

*A. M. Cristy* of the firm of Brown, Cristy & Davis for petitioner.

*E. R. Bevins* for the minor respondents.

*Wendell F. Crockett* for respondents-appellants filed a memorandum of authorities but did not argue.