IN THE MATTER OF THE ESTATE OF
JAMES CAMPBELL, DECEASED.

No. 4056.

Submitted April 7, 8, 1958.                    Decided April 16, 1958.

Rice, C. J., Stainback and Marumoto, JJ.

OPINION OF THE COURT UPON SUGGESTION OF
DISQUALIFICATION BY STAINBACK, J.

A suggestion has been made that the undersigned is disqualified to sit in the above entitled matter.

The Trustees filed a petition for the approval of their accounts for the period January 1 to September 25, 1951, and for all previous accounts filed since the inception of the trust. All beneficiaries of the trust were served and a guardian ad litem for the minor and unborn beneficiaries was appointed on December 10, 1951.

The answer of the guardian ad litem to the petition sets forth that:

"* * * the sale or exchange of sundry parcels of realty, being portions of the original corpus of the trust estate of the above named deceased, to divers persons, other than to Governments or other entities holding the power of eminent domain for public use, some of which sales or exchanges to such persons, other than said Governments and entities, including the expense thereof, they aver were unauthorized by the said will."

Thereafter, the guardian ad litem's specification of examples and categories, which included the following, was filed:

"1919 Oct. Sale of 15.9 acres of land at Diamond Head for $10,000.00 less $640.25. See Eq. No. 2223."

The decision was filed disposing of the various claims, and from the judgment appeal to this court follows.

The guardian ad litem in his designation of record on appeal designated the file in Equity No. 2223 as to item 16 thereof, and the file is now before this court as a part of the record in this case.

The subject-matter of that file was a petition for authority to sell certain real estate located at Diamond Head and belonging to the Trustees of the Estate of James Campbell; in that case it appears that the undersigned was co-counsel for the Trustees and that, therefore, it is suggested he is disqualified from sitting as having been of counsel in one of the matters now before this court, namely, the decision in Equity No. 2223.

The claim is made that the sale of the land at Diamond Head in 1919, in which the undersigned was co-counsel, was approved by the court in Equity No. 2223 and was beyond the powers of the Trustees and, therefore, the accounts as filed should not be approved.

While a guardian ad litem was appointed in Equity No. 2223 to represent the then minor beneficiaries in being, no one was appointed as guardian ad litem for the unborn beneficiaries as has been done in the present proceeding; so, therefore, the claim is made that the decision of the court in Equity No. 2223 approving such sale is not conclusive upon unborn beneficiaries.

On a number of occasions this court has considered the scope of Section 84 of the Organic Act with respect to the disqualification of judges in cases in which they have previously been counsel. The following statement is made in *Waterhouse Trust Co.* v. *Treadway,* 29 Haw. 256 (1926) :

"The broad purpose of the section of the Organic

Act above quoted is to disqualify any judge from participating in the hearing and determination of a case in which he as counsel has already reached a conclusion. This is for the protection, not only of litigants whose rights might be affected thereby, but also for the protection of the court against public criticism. Nothing is more essential to the good repute of the judiciary than a firm conviction in the public mind that its judgments are free from personal bias or prejudice on the part of those who compose it. It is immaterial whether the questions involved in any particular suit were predetermined by a judge while acting as counsel prior or subsequent to the institution of legal proceedings. He is just as much disqualified in one instance as in the other. It would entirely escape the spirit and purpose of the Organic Act to confine his disqualification to cases that had reached the point of actual litigation. Within the contemplation of the law his opinion would be just as fixed upon a matter in which he had acted as counsel before suit was brought as it would be if he had himself brought the suit and conducted its trial."

It would appear that having given an opinion to the Trustees of the Estate of James Campbell that they had authority to sell the tract of land at Diamond Head, and having obtained the approval of the court for such sale, would prevent an attorney in that matter from sitting as judge in a case in which the action of the Trustees in making such sale is under attack.

Whether the action of the court in approving the sale by the Trustees of the Diamond Head property can be successfully attacked is not the question, but that it is under attack in the present proceeding is sufficient to disqualify the undersigned from acting under such an attack.

I hereby declare myself disqualified to sit in the above entitled matter.

*Joseph V. Hodgson,* Guardian ad litem of Witt H. Shingle, Muriel Campbell Shingle, et al., appellants.

*Robertson, Castle & Anthony (Frank D. Padgett)* and *Pratt, Tavares & Cassidy (C. Nils Tavares)* for the Trustees under the Will of James Campbell, Deceased, appellees.

*Anderson, Wrenn & Jenks (Richard E. Stifel)* for Beatrice C. Wrigley, Beatrice A. King, et al., appellees.

*Lewis, Buck & Saunders (Dudley C. Lewis)* for Kapiolani K. Field et al., appellees.

*Smith, Wild, Beebe & Cades (Harold Wright),* for Pacific Concrete & Rock Co., Ltd., amicus curiae.

CONCURRING OPINION OF RICE, C. J., AND MARUMOTO, J.

We concur in the disqualification of Mr. Justice Stainback from hearing this appeal. The suggestion of disqualification comes from counsel for the trustees who filed the accounts of the trust for the period January 1, 1951, to September 25, 1951. The guardian ad litem resists the suggestion. He contends that Mr. Justice Stainback was not of counsel in the same case that is now before this court; that he was counsel in an entirely different case, namely, a proceeding for direction to sell real property of the trust, entitled, "Heinrich Martens Von Holt, et al., Trustees, Petitioners, vs. Abigail Kawananakoa, et al., Respondents," being Equity No. 2223 of the records of the circuit court of the first circuit, which was terminated by the entry of Order Confirming Sale on October 20, 1919; and that the case now before this court is a proceeding commenced on December 10, 1951, when the then trustees filed their accounts for the period January 1, 1951, to September 25, 1951, together with a petition for the approval of such accounts. The contention may have merit if the guardian ad litem confined the issues on this appeal to matters appearing in the mentioned accounts. How-

ever, by his answer, he has raised the issue of the validity of the sale made pursuant to an order entered in a proceeding in which Mr. Justice Stainback was counsel. As is stated in Mr. Justice Stainback's opinion, whether the action of the court in approving the sale can be successfully attacked is not the question. The appeal, in the form now presented to this court, requires it to pass upon the identical issues involved in the case in which he was counsel.