ALICE C. BROWN, GERTRUDE K. HUMPHRIES, LILA KISTEMAKER, GORDON BROWN, WILFRED HAYDEN HUMPHRIES, GERTRUDE ANN HUMPHRIES AND CLIFFORD KEMPTON HUMPHRIES *v.* BISHOP TRUST COMPANY, LTD., SUCCESSOR-TRUSTEE OF THE SARAH BROWN TRUST.

No. 4158.

APRIL 25, 1961.

TSUKIYAMA, C. J., CASSIDY AND LEWIS, JJ., CIRCUIT JUDGE HAWKINS IN PLACE OF WIRTZ, J., DISQUALIFIED, AND CIRCUIT JUDGE HEWITT IN PLACE OF MARUMOTO, J., RESIGNED.

*Per Curiam.* Upon consideration of the numerous matters presented by the petition for rehearing, but one point emerges which we deem to merit consideration. It is:

> Can judgment be entered by this court on an opinion rendered after hearing by five judges of whom one was, nearly thirty years previously, employed in the office of a law firm which may be deemed to have been of counsel in the case during the time of such employment?

Assuming, *arguendo,* that the question can be raised for the first time by a petition for rehearing, we nevertheless are of the view that no attorney-client relationship existed by virtue of the mere fact of employment in the law office. *Merchants' National Bank* v. *Cross,* 283 S.W. 555 (Tex.). Membership in the law firm involved is to be

distinguished. *Magoon* v. *Lord-Young Engineering Co.*, 22 Haw. 245; *Re Hawaii Telephone Co.*, 26 Haw. 405; *Anderson* v. *Rawley Co.*, 27 Haw. 60.

Accordingly, R.L.H. 1955, § 213-3, as amended by Act 5, 1st Sp. S.L. 1959, disqualifying a judge "in any case in which he has been of counsel" has no application in this case, and the question as to the effect of that section, had it been applicable, need not be further pursued. The answer to the question above stated is in the affirmative.

Petition denied.