252

STATE OF HAWAII, BY BERT T. KOBAYASHI, ITS ATTORNEY GENERAL *vs.* FRANK E. MIDKIFF, EDWIN P. MURRAY, ATHERTON RICHARDS, RICHARD LYMAN, JR., AND WILLSON C. MOORE,* TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE P. BISHOP, DECEASED.

No. 4415.

APRIL 15, 1966.

RICHARDSON, C.J., CASSIDY, WIRTZ AND LEWIS, JJ. AND CIRCUIT JUDGE KITAOKA IN PLACE OF MIZUHA, J., DISQUALIFIED.

*Per Curiam.* By a memorandum to counsel two questions were noted, and counsel were requested to express their views as to whether Justices Cassidy and Lewis are disqualified to sit in this case under R.L.H. 1955, § 213-3(a), as amended, which provides that no person shall sit as a judge in any case "in which he has been of counsel * * *." In reply to the memorandum counsel were in agreement that Justice Cassidy is not disqualified, and that Justice Lewis is not disqualified by reason of the first question presented. This opinion concerns the second question, which is whether Justice Lewis is disqualified because of her employment as a deputy attorney

---

* Deceased, succeeded by Herbert K. Keppeler.

general at the time this action was in preparation and under study.

As stated in the memorandum, Justice Lewis has no independent recollection of this litigation. However, according to the construction put by this court on the predecessor statute, sec. 84 of the Hawaiian Organic Act (31 Stat. 141, c. 339, as amended, 36 Stat. 447, c. 258, 48 U.S.C., § 636), "a judge should not sit in a case where with reference to that case the relation of attorney and client had existed between him and one of the parties whether he was personally familiar with the case or had advised in regard to it or not." *Magoon* v. *Lord-Young Eng'r Co.*, 22 Haw. 245, 246. So the turning point is whether or not the relation of attorney and client existed; this depends on the scope of the judge's employment in the other litigation. *Cf.*, *Estate of Campbell*, 42 Haw. 474; *Anderson* v. *W. G. Rawley Co.*, 27 Haw. 60. See Annot., 72 A.L.R.2d 443, § 10.

In *Brown* v. *Bishop Trust Co.*, 44 Haw. 687, 361 P.2d 1043, in denying rehearing of the case decided at 44 Haw. 385, 355 P.2d 179, we held that no attorney-client relationship existed by virtue of the mere fact of employment in the office of a law firm which was of counsel in the case during the time of such employment. We are of the opinion that this holding is applicable to a deputy attorney general. His situation is different from that of the attorney general. It has been said of the attorney general:

"* * * One of the duties imposed upon the attorney general is that of representing the Territory in all courts of record in cases in which the Territory is a party. As a necessary consequence of this duty it was equally Mr. Lymer's duty to inform himself of what cases were pending in the courts of record in which the Territory had an interest. Had he done this he would have known of the present case and that the

Territory was a party to it. To say that because of his ignorance he never occupied such a relation to the Territory, so far as the *Pioneer Mill* case is concerned, as to bring him within the general rule and preclude him from taking an adverse employment would be to renounce the great ethical principle upon which the rule is founded." *Land Title Pioneer Mill Co.,* 33 Haw. 305, 308.

A deputy attorney general, on the other hand, has no duty to inform himself as to matters not assigned to him. To quote from the statute, R.L.H. 1955, § 30-9, as it read at the time in question:

"Sec. 30-9. *Assistant attorney general; deputies.* * * * The assistant attorney general and deputies shall act under the direction of the attorney general and shall perform such duties as the attorney general may, from time to time, require and subject to such directions, may perform or exercise any and all duties or powers by law required of or conferred upon the attorney general. * * *"

We conclude that a deputy attorney general, as distinguished from the attorney general, has no knowledge imputed to him in respect of matters not within the scope of his assigned duties, and as to such matters there is no attorney-client relationship. That is the present situation. No ground of disqualification exists.

*Kenneth K. Saruwatari,* Assistant Attorney General (with *Bert T. Kobayashi,* Attorney General) for plaintiff.

*J. Garner Anthony (Robertson, Castle & Anthony* of counsel) for defendants.