George ALEXOPULOS by his next friend Marguerite ALEXOPULOS and Marguerite Alexopulos, Plaintiffs-Appellants,

v.

Wilson RILES, California State Superintendent of Public Instruction; California State Department of Education; California Office of Administrative Hearings; Dr. Robert Alioto, Superintendent of the San Francisco Unified School District; the San Francisco Unified School District; the San Francisco County Board of Education and its individual members; Rosario Anaya, Dr. Eugene S. Hopp, Julie C. Anderson, Libby Denebeim, Myra Kopf, Bill Maher and Benjamin Tom, Defendants-Appellees.

No. 84–2629.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 16, 1985.

Decided March 18, 1986.

Michael A. Zatopa, Law Offices of Charles E. Chase, Foster City, Cal., for plaintiffs-appellants.

Aubrey V. McCutheon, Jr., Detroit, Mich., and Corine Lee, Asst. Legal Advisor, San Francisco, Cal., for defendants-appellees.

Before FARRIS and POOLE, Circuit Judges, and STEPHENS, District Judge*.

---

POOLE, Circuit Judge:

## OVERVIEW

Appellants George Alexopulos, a severely retarded adult, and his mother, Marguerite Alexopulos, appeal an adverse judgment of the district court denying their claims under 42 U.S.C. § 1983. The trial court held that George's exclusion from public education until 1973 did not constitute a denial of his rights to equal protection and due process under the Fourteenth Amendment, and that the Education for All Handicapped Children Act, 20 U.S.C. § 1401 *et seq.* (as amended by Pub.L. 94–142, Nov. 29, 1975, 89 Stat. 773, effective Oct. 1, 1977) (1982) (hereinafter "EAHCA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* (1982) (hereinafter "Rehabilitation Act"),[1] were not to be applied retroactively to remedy the alleged constitutional violations. We affirm the district court's summary judgment in favor of defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant George Alexopulos, born in August 1960, is severely mentally retarded as a result of Downs Syndrome. For several years prior to 1973, Marguerite Alexopulos had unsuccessfully attempted to have George placed in a special education program in the San Francisco Unified School District ("District"). George was not placed in such a program until 1973, when he was twelve years old. In accordance with the EAHCA, which requires California to provide a public education to handicapped children only until the age of twenty-one, George's education in the program continued through the end of the 1981–1982 school year. George remained in the special education program from 1982 to 1984 pending the district court's determination of this case.

Because George had been denied education prior to 1973, appellants appealed

---

* The Honorable Albert Lee Stephens, Senior United States District Judge for the Central District of California, sitting by designation.

**1.** The Rehabilitation Act secured the rights of an individual not to be denied the benefits of or to be subject to discrimination solely due to a handicap, under any program or activity which receives federal financial assistance. *See* 29 U.S.C. § 794.

the termination of George's public education in 1982 under the procedures set forth in the EAHCA, 20 U.S.C. § 1415(b)(2). On September 29, 1982, the termination was upheld by an administrative hearing officer, who decided that George had become ineligible for continued placement in the program because of his age.

Appellants filed suit in the district court, claiming that George's exclusion from education prior to 1973 violated his right to equal protection and due process under the Fourteenth Amendment. They sought relief under 42 U.S.C. § 1983, the EAHCA, and the Rehabilitation Act. They requested damages in the form of continued compensatory education and a declaratory judgment stating that George's constitutional rights had been violated.

The parties stipulated to the facts found by the administrative hearing officer. These findings included determinations that George had made educational and developmental progress during his ten years in the district school; that his progress was very slow and that he requires a great deal of time, repetition, and practice in order to learn simple tasks; that had George been enrolled in school before he was twelve years old, his present performance level likely would have been higher than it is now; and that George would benefit from continued placement in the program.

The district court decided as a matter of law that George had not been denied due process or equal protection, and that the Rehabilitation Act and the EAHCA could not be applied retroactively. Summary judgment was entered for the appellees on October 16, 1984. Appellants timely appealed.

### ISSUES

The issues on appeal are (1) whether appellees' failure until 1973 to provide George with educational services violated his constitutional rights to equal protection or due process under the Fourteenth Amendment; and (2) if so, whether the remedial provisions of the EAHCA or of the Rehabilitation Act should be applied so

as to provide George equitable relief in the form of compensatory education.

### DISCUSSION

#### A. Standard of Review

■ The district court's grant of summary judgment is reviewed *de novo.* *Operating Engineers Pension Trust v. Beck Engineering and Surveying Co.,* 746 F.2d 557, 561 (9th Cir.1984). Neither party contends on appeal that any genuine issues of material fact were presented to the district court; therefore the sole question before us is whether the district court correctly applied the relevant law. *See Alcaraz v. Block,* 746 F.2d 593, 602 (9th Cir.1984).

#### B. Equal Protection

■ Appellants claim that the right to equal protection was violated because the District provided other children with a free public education prior to 1973 while denying George the same benefit.

In *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), the Supreme Court decided that the provisions of the EAHCA provide the sole remedy for a handicapped child who has been denied his right to a free public education. The Court reasoned that allowing equal protection claims would

render superfluous most of the detailed procedural protections outlined in the statute, [and], more important, it would run counter to Congress' view that the needs of handicapped children are best accommodated by having the parents and the local education agency work together to formulate an individualized plan for each handicapped child's education.

104 S.Ct. at 3469. Thus appellants may not assert an equal protection claim, but are limited to the remedies provided in the EAHCA.

#### C. Due Process

Appellants argue that George was denied procedural due process because the District failed to afford him notice or a hearing before excluding him from public education prior to 1973. The district court did not reach the merits of this contention, but

ruled that equitable relief was inappropriate and that any damages claim was barred by the statute of limitations.

The applicable statute of limitations period is three years under Cal.Civ.Proc.Code § 338(1) (West 1982). *Briley v. California*, 564 F.2d 849, 854 (9th Cir.1977); *see also Compton v. Ide*, 732 F.2d 1429, 1432 (9th Cir.1984). Although George was a minor when the alleged constitutional violations occurred, he reached the age of majority on August 23, 1978, and the statute thus ran on August 23, 1981. This suit was filed in the district court more than a year later.

■■■■ Appellants contend that the statute of limitations began to run only when George suffered damage, and that that occurred when the district threatened to discharge George from school when he became twenty-two years old. However, under federal law, a cause of action generally accrues when a plaintiff learns of the injury which is the basis of his action. *See United States v. Kubrick*, 444 U.S. 111, 123, 100 S.Ct. 352, 360, 62 L.Ed.2d 259 (1979); *Blanton v. Anzalone*, 760 F.2d 989, 992 (9th Cir.1985). Marguerite Alexopulos' repeated attempts prior to 1973 to have George placed in the district's educational program indicate that the appellants were aware that other handicapped children were receiving free educational services which George was being denied. Accordingly, the statute of limitations started to run on George's eighteenth birthday in 1978.

■■■■ Appellants argue for the first time on appeal that the statute of limitations continued to be tolled until after George's eighteenth birthday because, under Cal.Civ. Proc.Code § 352(a)(1) (West 1982), the statute of limitations is tolled during the period of a person's disability due to mental infirmity. Appellants request that this question be remanded to the district court for further evidence concerning a conservatorship that Marguerite Alexopulos recently obtained, George's disability, and the applicability of § 352.

Generally, "[a]n appellate court will not review an issue not raised nor objected to below unless necessary to prevent manifest injustice." *Kline v. Johns-Manville*, 745 F.2d 1217, 1221 (9th Cir.1984), quoting *Komatsu, Ltd. v. States Steamship Co.*, 674 F.2d 806, 812 (9th Cir.1982). Both of these cases determined that there was no "manifest injustice" in refusing to review an issue newly presented on appeal, because, as here, the appellants did not provide reasons for their failure to raise the issue before the district court. Marguerite Alexopulos could have sought a conservatorship at any time during the period George was enrolled in the District's program. The District engaged in no conduct or misrepresentation which prevented appellants from exercising this right. This case presents no manifest injustice which would warrant remand to the district court to consider new evidence. Thus, the district court's determination that appellants' due process claim was barred by the statute of limitations need not be reconsidered.

**D. The Statutory Claims**

■■■ Appellants argue that the EAHCA and § 504 of the Rehabilitation Act should be applied retroactively to provide George with five additional years of education to compensate for the pre-1973 denial of educational services. Although George was denied seven years' worth of education prior to 1973, appellants are subtracting from the compensation requested the two years (from 1982 to 1984) during which George remained in the special education program pending the district court's determination of this case. The sole authority appellants cite in support of this argument is *Frankel v. Comm'r of Education*, 480 F.Supp. 1156 (S.D.N.Y.1979), in which the court applied the EAHCA retroactively to claims which were filed prior to the EAHCA's effective date but which were awaiting final administrative action at that time. The *Frankel* court noted that the EAHCA and its legislative history were silent on the question of retroactivity and determined that, under the standard set forth in *Bradley v. School Bd.*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d

476 (1974), retroactive application was appropriate. 480 F.Supp. at 1159. In *Bradley*, the Supreme Court held that a court should "apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Id.* at 711, 94 S.Ct. at 2016. Appellants argue that *Frankel's* reasoning should be applied in this case to permit retroactive application of the EAHCA and the Rehabilitation Act. We reject this argument.

First, appellants' claim under § 504 of the Rehabilitation Act fails for two reasons. "[I]t is only in the [EAHCA] that Congress specified the rights and remedies available to a handicapped child seeking access to a public education." *Smith v. Robinson*, 104 S.Ct. at 3473 ("We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the [EAHCA] by resort to the general antidiscrimination provision of § 504.") Moreover, the state of California is immune under the eleventh amendment from suits for violations of § 504 of the Rehabilitation Act. *Atascadero State Hospital v. Scanlon*, —— U.S. ——, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).

Second, appellants' argument that George is entitled to compensatory education rests on their erroneous characterization of compensatory education as equitable relief. Appellants claim that the relief they seek is not monetary because the District would not be required to expend any additional funds for George, since compensatory education would simply be providing him with services to which he was already entitled and was denied. However, a request for compensatory education is virtually indistinguishable from a request for tuition reimbursement based on a past breach of legal duty.

Compensatory services, like the award of a money judgment, would be measurable against past educational deprivation. The expenditure of state monies to provide compensatory services would not, in other words, ensure *"compliance in the future* with a substantive federal question determination."* *Edelman v. Jordan* [415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974)] (emphasis added [by the court]). We conclude that the eleventh amendment bars the award of such compensatory relief as appellant has requested.

*Miener v. Missouri*, 673 F.2d 969, 982 (8th Cir.), *cert. denied*, 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982). *Cf. Timms v. Metropolitan School District*, 722 F.2d 1310, 1315–16 (7th Cir.1983) (amended opinion) (dictum that compensatory education, unlike damages, is prospective and therefore not barred by the state's immunity).

In essence, the relief requested by appellants constitutes damages measured by the cost of the educational services which George would receive if a mandatory injunction were issued. While characterizing the requested relief as equitable, the appellants actually seek the expenditure of public funds prohibited by the eleventh amendment. *See Edelman v. Jordan*, 415 U.S. at 663, 94 S.Ct. at 1355.

Third, even if compensatory education were deemed equitable in nature, appellants' suit would be time-barred: "[W]hen the jurisdiction of the federal court is concurrent with that at law, or the suit is brought in aid of a legal right, equity will withhold its remedy if the legal right is barred by the local statute of limitations." *Russell v. Todd*, 309 U.S. 280, 289, 60 S.Ct. 527, 532, 84 L.Ed. 754 (1940).

Fourth, appellants' reliance on *Frankel* is misplaced because their claims were not awaiting administrative action at the time the EAHCA became effective. Moreover, appellants here are not requesting retroactive application of the EAHCA, but that its age limitations be waived. 20 U.S.C. § 1412(2)(B) provides that:

a free appropriate public education will be available for all handicapped children between the ages of three and eighteen within the State not later than September 1, 1978, and for all handicapped children between the ages of three and

twenty-one within the State not later than September 1, 1980, ... [but] the requirements of this clause shall not be applied in any State if the application of such requirements would be inconsistent with State law or practice....

To grant appellants' request for compensatory education would require the District to continue providing George with educational services beyond the maximum age indicated in the statute. This result was not intended by Congress.

Because retroactive application was not a condition for receipt by the states of any funds under the EAHCA, George's right to a free public education arose in 1975 when the EAHCA became effective. Therefore, George was correctly denied compensatory education as a remedy for violations of the EAHCA occurring prior to 1973.

## CONCLUSION

The order of the district court granting summary judgment for the appellees is AFFIRMED.